#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

WILLIAM PAVLOFF,

       Plaintiff,

v.                                                       No. CV 09-0210 JH/WDS

STATE OF NEW MEXICO,
SEAN GIFFORD
PROBATION/PAROLE OFFICER,
CINDY CHAVEZ PPO,

       Defendants.

#### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1). For the reasons set forth below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated following revocation of his parole. The complaint alleges that Defendants Gifford and Chavez violated Plaintiff's constitutional rights when they initiated parole revocation proceedings. Plaintiff seeks damages for the violation of his rights, including specific sums for each day of his incarceration resulting from the illegal revocation.

Plaintiff's claims, based on allegedly unconstitutional parole revocation, call into question the legality of his resulting incarceration. These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (citations omitted) (precluding 1983 claims challenging revocation of parole or probation under *Heck* unless revocation is invalidated); *Mueller v. Wark*, No. No. 97-3348, 1998 WL 614464, at *1 (10th Cir. Sept. 8, 1998); *but cf. French v. Adams County Detention Center*, 379 F.3d 1158, 1160 (10th Cir. 2004) (allowing § 1983 action challenging certain parole procedures).

The complaint does not allege that Plaintiff's parole revocation has been set aside, *see Heck*, 512 U.S. at 486-87, and thus Plaintiff's allegations of unconstitutional revocation fail to state a claim cognizable under § 1983. *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss Plaintiff's

complaint.

IT IS THEREFORE ORDERED that Plaintiff's initial partial payment towards the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE